## DUNMAN v. McKINNEY.

(Court of Civil Appeals of Texas. Austin. May 14, 1913. Rehearing Denied June 25, 1913.)

1. SALES (§ 355*)—PLEADING—VARIANCE.

In an action for the sale of oats, a petition, averring a sale at 75 cents per bushel, does not allege an express contract, so that proof that there was no price agreed upon, but that the market price was 75 cents per bushel, does not constitute a variance.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. § 355.*]

2. SALES (§ 355*)—PLEADING—EVIDENCE ADMISSIBLE.

Such petition is broad enough to authorize a recovery upon the basis of the market value.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. § 355.*]

3. APPEAL AND ERROR (§ 1001*) — REVIEW — FINDINGS.

A verdict by the jury, supported by evidence, is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Action by Matt McKinney against Theo Dunman. From a judgment for plaintiff, defendant appeals. Affirmed.

Weatherred & McDaniel, of Coleman, for appellant. Woodward & Baker and Snodgrass & Dibrell, all of Coleman, for appellee.

KEY, C. J. Appellee brought this suit against appellant, alleging in his petition that he sold and delivered to appellant 61 head of steers at $22.50 per head, and 80 bushels of oats at 75 cents per bushel, and one cow and yearling at $35, the aggregate sum being $1,467.50, and that appellant had paid $500 of that sum, leaving balance due of $967.50. Appellant's answer contained a general denial, the two-year statute of limitation, and a counterclaim and set-off, amounting in the aggregate to $32.80. At the trial the case was submitted to the jury upon special issues, and the findings of the jury were to the effect that appellee had sold and delivered to the defendant the live stock and oats, as alleged in his petition, and for the consideration therein stated, and that, in addition to the $500 paid by appellant, he was entitled to a further credit of $22.80, leaving balance due of $944.70, for which amount judgment was rendered, and to reverse that judgment this appeal is prosecuted.

[1] The first assignment of error charges that the court erred in rendering judgment against appellant for the value of 80 bushels of oats at the price of 75 cents per bushel, for the reason that the undisputed testimony shows that there was no price agreed upon; and it is contended that the pleadings do not authorize a judgment for the market value of the oats. Appellee alleged in his petition that "on or about May 1, 1909, he sold and delivered to the defendant 80 bushels of oats, at 75 cents per bushel." No exception was addressed to that averment, and we hold that it authorized the court to hear the testimony that was admitted, and to submit to the jury the issues that were submitted with reference to that question. The jury found that the market value of the oats was 75 cents per bushel, and that appellant agreed to pay for them at that rate. We do not agree with appellant that the pleading quoted alleged that there was an express contract, and we hold that the evidence supports the finding of the jury that there was an implied contract to pay the market value, which, according to the verdict, was 75 cents per bushel.

What we have just said disposes of the second assignment, which is based upon the contention that the petition alleged an express contract in reference to the oats.

[2] Under the third assignment it is contended that the undisputed proof shows that there was no price agreed upon for the oats, but that the same were to be taken at their market value. Conceding appellant's contention as to the testimony, and that the agreement was that appellant was to pay the market value of the oats, we think the averment in the plaintiff's petition was broad enough to admit proof of and authorize a recovery upon the basis of market value.

[3] The findings of the jury show that appellee's demand was not barred by limitation. The other assignments present the contention that the proof failed to show that more than 38 head of cattle had been delivered by appellee to appellant under the contract between them, and that the $500 paid by appellant covered the contract price of the 38 head, and therefore appellant is not liable for the remaining 23 head. The jury found against appellant on the issue referred to, and we hold that the findings in that respect are supported by testimony.

No grounds for reversal have been shown, and the judgment is affirmed.

Affirmed.